3-4-2, Slade versus Virginia. 3-4-2, Slade versus Virginia, 3-4-2, Slade versus Virginia, 3-4-2, Slade versus Virginia. Okay, still good morning, so good morning. What's good about it? Go ahead. It's the last argument. Yes, that's good. Okay, so the question before you this morning, in our case, is one of claim interpretation. The standard of review is de novo. This is an appeal for a PTAB interference. The PTAB explanation of that claim term seems sort of logical. Why is it not logical? The PTAB, like our colleagues here, would have you believe this claim is about what either and or mean, and that's it. We make no contention that either is not a word commonly used in the English language. We make no contention that or is not commonly used. But as you can see, there's more, if you look at the claim, which is on page 7 of our brief, and in particular, the part that's highlighted, there's a lot more to that claim, and particularly the limitation that's underlined, we've called the either or limitation, either or or limitation, than simply what either and or mean. We think that language is, it's not defined in any dictionary. It's not defined in usage language, in usage dictionaries. It's talked about as being improper use. Yeah, it's grammatically ignorant. So, well, I think it's more than that. I think it's not only grammatically ignorant, it's not understandable. Regular people can't understand it. Which is why we're here. That's correct. And we think we have to go, we think the board erred in stopping, in pretty much going on the language of the claim and living with that. We think there's a lot more that's very instructive about what either or means that, in the intrinsic record, that's very helpful to you. So, first of all, I just want to point out that there are two. So you agree that your construction is at least one, and that if we were to look at the either or, or, that construction is properly only one. So you've got to sort of avoid that to get to at least one, right? Yeah, there are two interpretations in front of you. Ours is that either or, or means at least one. And that is consistent with what our friends argued during prosecution in order to get the case allowed. Yeah, I know you rest on prosecution. I think I understand what you're saying, but tell me why I'm wrong. My read of that is yes. And we're constantly faced with prosecution, which is often very confusing to us. But originally, they had claims that said at least one. So somewhere in the prosecution, no matter what they said about at least one, they had claims that said that. They got rid of those claims, and they added claims that said this either or, or language, which is different than the phrase they used otherwise, only one, or at least one, I'm sorry. So sort of even applying statutory construction suggests that there's a difference between either or, or, and at least one. So I take the snippet of the prosecution history that you rely on. But it's hard for me to give that just insurmountable weight, given what else went down in prosecution. Well, I think the prosecution is rather modeled. And I don't think they use modeled. It's not, they don't use, I think they were pointing to claim 10. And they say, well, claim 10 supports our only one position. It doesn't. It doesn't say only one. It says one. It doesn't, and it's out of, it's not in any context of what either or, or means. We think the most clear language on either or, or is in the prosecution history, where they talk about claim 70. Claim 70 is what was introduced in the middle of prosecution. And I'll point you to where that is. It was, it was introduced in an amendment on April 20th, 2015, during prosecution. And on appendix page 2980, you'll see where in that amendment claim 70 was introduced. And you'll also see at the bottom of that page, 2980, is the either or limitation. They went on to, two pages later, on 2982, in support, in identifying support for claim 70, they identified paragraph 153, which is one of the at least one paragraphs that are throughout the specification. There are several paragraphs in the specification that use the at least one language. The specification never says a thing about either or, or. And, let alone define it. But there are numerous instances, such as paragraph 153, where the at least one language is being utilized to discuss the point mutation issue. Point mutations of the A, B, or D gene. Most compelling, we think, is on appendix page 692, and it's also on page 15 of our brief, where they, this is a subsequent amendment, or subsequent response, where they have a heading, it says 1A, independent claim, it's talking about the claim that we're saying provides support for our claim interpretation, and is the one that ultimately issued. Independent claim 70 requires at least one point mutation in an SBE2A gene. We think this statement says it all. It's talking about the SPEA2 gene and the one point mutation, and it points to claim 70. If you look at claim 70, there's no other discussion about point mutations except in the either or, or language. So we think this is a very direct statement about what that means. And everything else is extremely contrived. Anything else that they want to look at the prosecution history to say is helpful to them is contrived by comparison to that. And if, and to, to affirm the, the, the board, you will have to say, clearly that we don't, it doesn't matter what they said about claim 70 in this, in this heading, this is a heading. Doesn't matter. We're not going to pay any attention to it. They said very clearly what, what the at least one language correlates to. They did, and they broke them separate, I'm sorry, sorry. Claims 50 and 67, which explicitly said at least one. And so can't we surmise, because I'm not sure. I, I take your point about the clarity or lack thereof in the prosecution history, but there's nothing crystal clear about it. So can't we construe the fact that they, those other claims used at least one, and then they changed it to the either or, or language. That's of some import, right? There were other claims that had at least one that were in prosecution during, while the claim 70 was pending. So that was, I think, 59, 67, and 68. They are separately addressed in the same amendment that I've referred to on page 15 of our brief. There's a separate heading to talk about those. And I think the language is, they also have the, the at least one language. Right. So they are, you know, they're not grouping them all together. It's not a matter of they grouped them together and they say, oh, you know, well this, claim 70 just got caught up with these others and this, these are the ones we really meant to say the at least one language applies to. Claim 70 is separately talked about with regard to the point mutations, and they say that is all about at least one. When they get to the other claims, they do it separately. They don't group them all together, it's separate. If you go on to the rest of that amendment, there's a paragraph also on and you can see that it, again, all under the heading about claim 70, it talks about at least one point mutation. And right after that, there's a paragraph that starts out with, therefore, applicants claim 70. And they repeat the either or, or limitation there. So, they talk about the at least one in the preceding paragraph right at the end, and then they say, well, claim 70 says either or, or. We think that's a pretty clear correlation. We don't understand what else they could be talking about there, and they have not given any adequate explanation of what that is. Well, the board's decision, we don't think, gives you a whole lot of reason to affirm. They didn't apply the BRI, and the BRI is, is important here, because there are two interpretations that are in front of you. There's the one that we like, which is the at least one, which they use during prosecution to get this case allowed. And then there is the only one interpretation that they now use to try to get out from this interference. Clearly, at least one is broader than only one. In addition, if they used the, the at least one language in conjunction with claim 70, how can they not say that was reasonable? Claim 70 is what issue? So, we think the BRI test, which the board did not properly apply, clearly mandates that our interpretation is appropriate. You know, that's the same argument we were hearing in an earlier case this morning. And it raises a, a kind of a fundamental puzzle for me. And that is, when the board says, we used the broadest reasonable interpretation, does that mean it has to, in every case, use the broadest reasonable interpretation, no matter whether it makes sense or not? Or does that mean the board has authority to use an interpretation that is broader than you might kind of interpretations the court makes? But there's a range of choice within that broadest reasonable interpretation. How do you view, do you view it as a mandate that whatever the lexicograph, lexicographical, and if that's the word, meaning of broad, they have to use it. Is that how you're viewing it? I believe that it's, it's an objective standard. And I think in some, there's a lot less to, to guess here about. Because these are words out of their own mouths, if you will, written. And they used both. And now they're clearly moving from a narrow, from a broad one to a narrow one. To a, a, a more narrow than the broadest possible. Yes, that's clearly the case. That's, that's directly in, contrary to what they actually said. It's not like we're having to infer what they said in that heading. The heading says, requires at least one. So I don't, I don't I can't decide, help you decide at all. But BRI should be in general. But I think our case mandates that our interpretation is appropriate. That's fair enough. You're into your rebuttal. I will save the rest of the rebuttal. Thank you. One. May it please the court. My name is Christopher North and I'm representing the party of Gina. Do we have to find his interpretation to be unreasonable? In order to uphold yours and the board's? Or is it enough for us to say, well, they're both kind of in that range. What, what do we do? I think that the board's interpretation is the broadest reasonable. And that his interpretation is respectfully unreasonable. And so I don't know whether you have to find it unreasonable. It is unreasonable. Why? Because, as this court said, yourself in Schumer versus lab computer systems. Reading or as and contradicts the plain meaning of or. I, I'll point out, I, I wanted to, to rebut something that said, and, and with respect, I don't believe that it is necessarily grammatically ignorant to use either with more than two alternatives. Webster's at appendix 3002 says that either its definition is used as a function word between two or more coordinate words, phrases, or clauses. So it's within Webster's definition itself, either can be used with more than two separated by or. I, I don't necessarily agree with your construction, except that your friend, as he did this morning, makes a great deal of the pro, language in the prosecution history. And that counts, that's the intrinsic record. So how do you get around or. Yeah. Explain away the statements that he's been talking about this morning. I think it's really very simple. And, and perhaps a, a little bit of background helps. In the, in the examples that are described in the Regina Pattener, they began attempting to delete the genes, all three of the SBE2A genes. They're in three genomes. And they found that there was a problem with getting the wheat to grow when they did that. They then did an experiment in which they had two deletions and they created point mutations and cross-bred those together in order to make wheat that had three null mutations, two of which were deletions and one of which was a point mutation. And that wheat grew. That solved a problem. And they concluded that if one was sufficient, more than one might be good. As well. And they went to the patent office with those claims that had the language at least one, right. And the examiner kept rejecting those claims. And so after those claims had been rejected a couple of times, they came back with a claim, a new independent claim that was directed to what was the working example. The examiner was rejecting the claims on the grounds that they, they weren't enabled and, and they weren't described. And it, they came back with a claim that was directed to the working examples, where you have two deletions and one point mutation. Eventually they had to cancel their at least one claim. But while the at least one claims were still pending with the, the claim directed to the examples, they made an argument that all of those claims met a requirement that they had found was necessary for getting the wheat to grow well. And that requirement was having at least one point mutation. Now you can argue correctly all day long that one point mutation meets the at least one in terms of scope. And so I think that is the, the simple and easy explanation for all of what they've pointed to in the prosecution history. One is indeed at least one, but one is not equal to at least one. So all of those arguments are not equating. They're simply pointing out to the examiner that we discovered how to make it grow. And this example that we've described in our claims did grow because it meets that requirement. The rest of it, one thing that you need to go to is at the end of the prosecution. Those narrower claims that Regina put in were allowed only after the broader claims were rejected. And after an interview with the examiner, the examiner recorded in that interview the argument that was made. And he recorded in his interview summary that Regina had pointed out that the claims, 70 to 72, that eventually were allowed were described in example 11. That's the example of the specification that describes the crossing of wheat with two deletions and one point mutation. Where implants were triple null for the SPE2A genes and two of the alleles were deletion mutants and one of the alleles was a null allele comprising a point mutation. The examiner understood at the end when he allowed the claims that he was allowing claims directed to the working examples. And that, I think, is what got him to eventually allow the claims in his patent. Now, this Court has, you know, he says it's not about either or, but this Court has interpreted either or in at least two cases that are directly on point that aren't in his brief. Custom signals versus applied concepts. This Court agreed with construction of or and either in their common usage. Well, the question isn't whether they're in his brief. The question is whether they're in your brief. They are in my brief. They were in our motion before the Board. This Court found that those are not technical terms and that if a divergent specialized usage was intended, it was required to be clearly explained. I don't believe, no matter how many times the attorney prosecuting Regina's patent application said that claim 70 required at least one point mutation, it changes his meaning of either or to mean at least one. I think that's good. Thank you. I'll keep this brief as well. The only clear correlation between what either or means is in the prosecuting history. It's not anywhere else in the intrinsic record. Claims are not clear. The specification has language that's consistent with at least one, but the only clear correlation is in that passage of the prosecution history I talked about. If our opponents had wanted to have claim 70 read as only one, they should have put it in the claims. They shouldn't have argued it the way they did, but they chose to. Now they want to have it a different way. In their opening brief to the board, they didn't even bring up the prosecution history. They relied on an expert who never looked at the prosecution history until we put it in front of them at deposition, and yet he came out with the view that the interpretation was only one. I don't know how you can do that when you don't look at the most relevant part. As far as custom goes, first of all, it doesn't use either or or, which is, as we pointed out, ungrammatical. It talks about either and or, and when they do it, they talk about, the court talks about that in context of everything else. So we don't think it mandates, as our opponents would have you agree to, that either or or is simple stuff, and that's all you have to do to decide this case. Unless you have any other questions, I'm all done. Thank you. Thank you. Case is submitted, and that concludes our proceeding testimony.